# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Maria M., | 2:21-cv-01771-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Kilolo Kijakazi, et al, | |
| Defendant(s). | |

Plaintiff Maria M.'s counsel filed a *Motion for Attorney's Fees* ("Motion"). *ECF No. 17.* The Court **GRANTS** the Motion.

## I.    BACKGROUND

The attorney representing plaintiff secured a decision from this Court, remanding this matter for further administrative proceedings. On remand, the Commissioner granted plaintiff's application for benefits, entitling her to receive approximately $66,347.00 in past due benefits from Title II benefits. Counsel requests a fee of $9,000.00 payable to Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Rohlfing firm") under the contingency fee contract.

## II.    ANALYSIS

Per 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Where there is an agreement between the claimant and counsel on attorney's fees for representation, the United States Supreme Court

has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

The Court also has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). "[T]he attorney bears the burden of establishing that the fee sought is reasonable." *Id*. at 1148. The Ninth Circuit in *Crawford v. Astrue* highlighted three factors to consider in determining the reasonableness of the attorney's fees. *Astrue*, 586 F.3d 1142 (9th Cir. 2009).

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

*Id.* at 1151-52.

The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), abrogated on other grounds in *Gisbrecht,* 535 U.S. at 807. *Gisbrecht* and *Crawford* demonstrate that that the reasonableness inquiry is not a lodestar or hybrid lodestar analysis, as awards in other Social Security cases demonstrate. *E.g., see Joanne F. v. Comm'r of Soc. Sec.*, 2023 WL 7127663, at *2 (D. Or. 2023) (effective hourly rate of $1,780.65) (citing *Steven M. v. Comm'r*, 2020 WL 249990, at *2 (D. Or. Jan. 16, 2020)(effective hourly rate of $1,900); *Timothy M. v. Comm'r*, 2023 WL 1071604, at *2 (D. Or. Jan. 27, 2023) (effective hourly rate of $1,863.01)); *see also, Brazile v. Comm'r of Soc. Sec.*, 2022 WL 503779, at *2-4, n.7 (W.D. Wash. 2022) (effective rate of $2,000); *Schultz v. Berryhill*, 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021) found an effective hourly rate of $1,395 reasonable. The risk of nonpayment of fee establishes a clear basis for paying a

premium for winning a contingency fee case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *Brazile*, 2022 WL 503779, at *2–4, n.7.

### III.    ANALYSIS

After reviewing the record and the supporting evidence, the Court finds that plaintiff's counsel has made a sufficient showing to support his request for $9,000.00. Counsel evaluated the merits of the case and prepared the complaint which resulted in a stipulation of the parties to remand for further proceedings prior to any briefing. The manner and approach to the case is an efficient use of time and did not result in the accumulation of unreasonable past-due benefits. In this case, Counsel seeks a fee of 13.6% of the past due benefits paid or payable to plaintiff. Counsel seeks a $9,000.00 fee payable to the Rohlfing firm. Social Security calculates plaintiff's past due benefits at $66,347.00. *ECF No. 17 at 6*. The fee of $9,000.00 is reasonable considering the services expended and results achieved.

Counsel expended or supervised five hours before the District Court. The effective hourly rate in this case of $1,800.00 does not amount to a windfall as a matter of law. The statutory cap on fees is 25% of the past due benefits for the court services without reference to fees paid or payable for administrative services. *Culbertson v. Berryhill*, 139 S.Ct. 517, 519 (2019) (fees under § 406(a) and § 406(b) represent separate caps on fees). In this case, counsel seeks a fee of 13.6% of the past due benefits paid or payable to plaintiff. The retainer agreement in this matter calls for a separate calculation of fees under § 406(a) and § 406(b). *ECF No. 17-1, ¶ 4*. The gross fee of $9,000.00 reasonable under the contract, the services provided, and the results achieved and order that fee payable to the Rohlfing firm. Plaintiff's counsel already received $975.00 per the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which will be refunded to plaintiff. *See ECF No. 17 at 12*. The Commissioner also did not file an opposition to the counsel's Motion.

**IT IS ORDERED** that:

1.  Plaintiff's counsel's *Motion for Attorney's Fees* ("Motion") is **GRANTED**.

2. The Commissioner is directed to **CERTIFY** the fee of $9,000.00, payable to the Law Offices of Lawrence D. Rohlfing.

3. The Law Offices of Lawrence D. Rohlfing is directed to **REFUND** the EAJA fee of $975.00 to the plaintiff.

Dated: January 30, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge